UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAR 17 2008
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JADA RAY COOVER, | \* | CIV. 07-4066 |
| Plaintiff, | \* | |
| vs. | \* | REPORT AND RECOMMENDATION |
| BOB DOOLEY, Warden;<br>CBM FOOD SERVICES; | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the need to screen the complaint of Jada Coover pursuant to 28 U.S.C. § 1915A (Doc. 1). Jada Coover is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. The complaint does not indicate it is filed under 42 U.S.C. § 1983, but it is filed using the form provided to inmates for that purpose. Likewise the complaint does not identify a constitutional right which Jada Coover claims has been violated. He was granted *in forma pauperis* status (Doc. 6).

### DISCUSSION

**Allegations.**

Mr. Coover alleges:

> I have been filing grievances about the food on special diets. I have filed complaints back in 2006 about these problems, but have not pursued the issues as consistently until the beginning of '07 because it has got far worse. As of 4-18-07 my grievance rights have been taken away due to these matters. Enclosed are a few of the original complaints along with their response.
> I have also complained about the main course repeating more

than once in the same week. These have not been included at this time nor has some of the other complaints. I don't see them as important as the issue of being denied meat.

For relief Mr. Coover requests:

> I would like that my grievance rights be given back. I would request more of a nutritional meal be given along with more variety. I also ask that all fees related to this and other legal fees be paid for. I also ask that I not be further punished for filing these procedures.

He has sued Bob Dooley, Warden, and CBM Food Service.

**Standard for Review.**

The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Bell Atlantic requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. at 1965. See also, Abdullah v. Minnesota, 2008 WL 283693 (Feb. 4, 2008) (citing Bell Atlantic noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. Id. Broad

2

and conclusory statements unsupported by factual allegations are not sufficient. Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id. It is with these standards in mind that Plaintiff's Complaint is carefully considered.

**Analysis.**

Mr. Coover's claim is about the food at the prison. Prisoners have a right to nutritionally adequate food. Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992). Plaintiff has presented no evidence the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food. Plaintiff's dissatisfaction with his menu is insufficient to state a constitutional violation. "[W]hile the systematic malnourishment of a prisoner could constitute cruel and unusual punishment, the occasional missed meal does not." Cunningham v. Eyman, 2000 WL 748098 (N.D. Ill. 2000). To prevail on a cruel and unusual punishment claim based on inadequate meals, the prisoner must allege specific physical harm or health risk (other than hunger pains), or that he was denied a nutritionally and calorically adequate diet. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).

About grievances, denial of grievances does not state a substantive constitutional claim. Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002).

An official must be personally involved in a constitutional violation, or must, through deliberate inaction, tacitly authorize it. Ripson v. Alles, 21 F.3d 803, 809 (8th Cir. 1994). "A warden's general responsibility for supervising the operations of a prison is insufficient to establish

personal involvement." Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).

Regarding CBM Food services, a prisoner's § 1983 action is properly dismissed when a prison inmate fails to allege a private corporation implemented a particular policy or custom which violated his Eighth Amendment rights, or failed to train or supervise a person the private corporation had a duty to supervise or train, Meloy v. Schuetzle, 230 F.3d 1363 (8th Cir. 2000)(unpublished, copy attached).[1] A private corporation acting under color of state law will only be liable under § 1983 for its own unconstitutional policies. Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993). Moreover, the private entity cannot be held liable under the doctrine of respondeat superior. Id. For the reasons stated above, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

## IN FORMA PAUPERIS STATUS

If the District Court adopts this Report and Recommendation and Plaintiff's case is dismissed for failure to state a claim upon which relief may be granted, Plaintiff is advised that it will be counted as a "strike" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Pursuant to Eighth Circuit Rule 32.1A, unpublished opinions have no precedential value. Meloy is cited here because of its persuasive value and because it is one of only two Eighth Circuit authorities which have been found where a prisoner has named a private entity as a defendant in a § 1983 action for deliberate indifference under the Eighth Amendment. The other case is also unpublished.

4

## PAYMENT OF FILING FEES

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997). See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Any filing fees paid to-date, therefore, will not be refunded to the Plaintiff and Plaintiff remains responsible for continued payments until the filing fee is paid in full.

## CONCLUSION

It is recommended that Mr. Coover's complaint should be dismissed upon screening pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim against the defendants upon which relief can be granted. Plaintiff has presented no evidence the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health

suffered as a result of the food. He has not alleged the warden was personally involved. That his grievances have been denied is not enough to constitute a constitutional violation. His claim against CBM Food Services does not identify a company policy or custom which constitutes a violation of his constitutional rights. It is therefore RECOMMENDED that Plaintiff's Complaint be dismissed, without prejudice, for failure to state a claim.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 17 day of March, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy

# Westlaw.

230 F.3d 1363
230 F.3d 1363, 2000 WL 1160446 (C.A.8 (N.D.))
**(Cite as: 230 F.3d 1363, 230 F.3d 1363 (Table))**

Page 1

**H**
Meloy v. Schuetzle
C.A.8 (N.D.),2000.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA8 Rule 28A, FI CTA8 IOP and FI CTA8 APP. I for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Eighth Circuit.
William Thomas MELOY, Appellant,
v.
Timothy SCHUETZLE; Kathy Bachmeier; Bernard J. O'Neill; Medcenter One Health Systems, Appellees.
No. 99-2122.

Submitted April 7, 2000.
Filed Aug. 17, 2000.

Prison inmate brought suit under § 1983, alleging that officials had been deliberately indifferent to his medical needs by refusing to provide him with continuous positive air pressure (CPAP) machine, which was required in order for him to sleep safely due to obstructive sleep apnea (OSA) from which he suffered. The United States District Court for the District of North Dakota dismissed action, and inmate appealed. The Court of Appeals held that: (1) inmate's intervening release did not render appeal moot, since he sought damages and not injunctive relief; (2) inmate failed to state claim against medical corporation which provided care for inmates, or warden; but (3) allegations were sufficient to state § 1983 claim against prison's medical director and clinical director.

Affirmed in part, reversed in part, and remanded.

West Headnotes

[1] Federal Courts 170B €═>724

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(I) Dismissal, Withdrawal or Abandonment
            170Bk723 Want of Actual Controversy
                170Bk724 k. Particular Cases. Most Cited Cases
Prison inmate's intervening release did not render moot his appeal from district court's dismissal of § 1983 action in which he alleged deliberate indifference to his serious medical needs, where inmate sought damages and not injunctive relief. 42 U.S.C.A. § 1983.

[2] Civil Rights 78 €═>1339

78 Civil Rights
    78III Federal Remedies in General
        78k1334 Persons Liable in General
            78k1339 k. Criminal Law Enforcement; Prisons. Most Cited Cases
Prison inmate who brought suit claiming that prison officials had been deliberately indifferent to his serious medical needs when they refused to provide him with continuous positive air pressure (CPAP) machine, which was required in order for him to sleep safely due to obstructive sleep apnea (OSA) from which he suffered, failed to allege that medical corporation which provided care to inmates had implemented a particular policy or custom which violated his Eighth Amendment rights, or failed to train or supervise, as required to state § 1983 claim against corporation. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[3] Civil Rights 78 €═>1395(7)

78 Civil Rights
    78III Federal Remedies in General
        78k1392 Pleading
            78k1395 Particular Causes of Action
                78k1395(7) k. Prisons and Jails; Probation and Parole. Most Cited Cases
Allegations that prison warden had knowledge of grievance filed by inmate, who alleged that prison medical personnel had refused to provide him with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

230 F.3d 1363  
230 F.3d 1363, 2000 WL 1160446 (C.A.8 (N.D.))  
**(Cite as: 230 F.3d 1363, 230 F.3d 1363 (Table))**

Page 2

continuous positive air pressure (CPAP) machine which was required for him to sleep safely due to obstructive sleep apnea (OSA) from which he suffered, and attempted to expedite the grievance officer's decision, were insufficient to state claim against warden under § 1983 based on deliberate indifference to inmate's serious medical needs. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[4] Civil Rights 78 €⇒1395(7)

78 Civil Rights  
    78III Federal Remedies in General  
        78k1392 Pleading  
            78k1395 Particular Causes of Action  
                78k1395(7) k. Prisons and Jails; Probation and Parole. Most Cited Cases  
Allegations by prison inmate that prison medical director and clinical director had refused to provide him with continuous positive air pressure (CPAP) machine, which was required in order for him to sleep safely due to obstructive sleep apnea (OSA) from which he suffered, were sufficient to state claim under § 1983 based on deliberate indifference to inmate's serious medical needs. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

Appeal from the United States District Court for the District of North Dakota.

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.  
*1 William T. Meloy, a former North Dakota inmate, appeals the district court's 28 U.S.C. § 1915A(b)(1) dismissal of his 42 U.S.C. § 1983 deliberate-indifference action against prison officials and a private corporation. We affirm in part and reverse in part.

We accept as true the allegations of Meloy's complaint for the purpose of reviewing de novo the district court's section 1915A(b)(1) dismissal. See *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (standard of review); *Gorham v. Banovetz,* 652 F.2d 750, 751 (8th Cir.1981) (per curiam). Meloy has Obstructive Sleep Apnea (OSA)-a potentially life-threatening breathing disorder-for which he has been prescribed a Continuous Positive Air Pressure machine (CPAP) to use when sleeping, for the rest of his life. On his March 31, 1998 arrival at North Dakota State Penitentiary (NDSP), Meloy told the staff of his OSA and his need for a CPAP. Nevertheless, when an officer contacted NDSP Medical Director (and nurse) Kathy Bachmeier, she refused to authorize a CPAP. After Meloy's medical records arrived two weeks later, confirming his OSA diagnosis and CPAP prescription, Bachmeier told Meloy he could have a CPAP if he provided his own, but Meloy could not afford one. Meloy twice tried to explain his condition and need for a CPAP to NDSP Clinical Director Dr. Bernard O'Neill during brief physical exams, but O'Neill refused to listen. Meloy also sought the assistance of Warden Timothy Schuetzle, who said he would have Meloy's related grievance expedited.

Throughout this same time frame Meloy experienced breathing difficulties so severe other prison staff were alarmed and attempted-without success-to obtain medical help for Meloy. Meloy's condition eventually resulted in chest pains, causing him to be placed in the prison infirmary and finally referred to a cardiologist. On May 8, the cardiologist ordered NDSP to provide Meloy with a CPAP, which alleviated his painful symptoms.

[1] Initially, we note Meloy's intervening release from NDSP does not moot his appeal because he requests damages, not injunctive relief. *Cf. Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir.1997).

[2][3] We affirm the district court's dismissal of Medcenter One because Meloy failed to allege Medcenter One implemented a particular policy or custom which violated his Eighth Amendment rights, or failed to train or supervise O'Neill. *See Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir.1993). We also affirm the dismissal of Schuetzle, because Schuetzle's alleged know-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

230 F.3d 1363                                                                                                          Page 3
230 F.3d 1363, 2000 WL 1160446 (C.A.8 (N.D.))
**(Cite as: 230 F.3d 1363, 230 F.3d 1363 (Table))**

ledge of Meloy's grievance, and his attempt to expedite the grievance officer's decision, are not enough to state a deliberate-indifference claim. See *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995); *White v. Farrier,* 849 F.2d 322, 327 (8th Cir.1988).

[4] As to defendants Bachmeier and O'Neill, however, we conclude Meloy's allegations were sufficient to state a claim. Meloy's OSA was a serious medical need, and while he did not specifically allege the delay in obtaining a CPAP had a detrimental effect on his prognosis, *cf. Dulany,* 132 F.3d at 1243, the importance of the CPAP to his health was obvious from the diagnosis and prescription of lifetime CPAP use, reflected in medical records which were in Bachmeier's and O'Neill's possession no later than April 14. Moreover, the effect of the lack of a CPAP on Meloy's condition caused other prison personnel-who were not medically trained-to be concerned and to attempt to obtain relief for him. See *Roberson v. Bradshaw,* 198 F.3d 645, 648 (8th Cir.1999) (inmate's diabetes complications would have been obvious to laymen, particularly his jailer); *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir.1995) (serious medical need is one diagnosed as requiring treatment, or one so obvious even layperson would easily recognize necessity for doctor's attention). As trained medical professionals, Bachmeier and O'Neill might have been expected to appreciate the significance of a CPAP to Meloy's health. See *Warren v. Fanning,* 950 F.2d 1370, 1373 (8th Cir.1991) (grossly incompetent or inadequate care can constitute deliberate indifference), *cert. denied,*506 U.S. 836, 113 S.Ct. 111, 121 L.Ed.2d 68 (1992).

*2 Based on the allegations of his complaint, it is possible Meloy could prove facts demonstrating Bachmeier and/or O'Neill knew of and deliberately disregarded Meloy's need for a CPAP, and their conduct violated his Eighth Amendment rights. See *Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (standard for deliberate-indifference claim); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (standard for dismissal for failure to state claim). Our decision does not, of course, preclude summary judgment if Meloy is unable to establish the requisite facts.

We thus affirm the dismissal of defendants Medcenter One and Schuetzle, reverse the dismissal of defendants Bachmeier and O'Neill, and remand to the district court for further proceedings consistent with this opinion.

C.A.8 (N.D.),2000.
Meloy v. Schuetzle
230 F.3d 1363, 2000 WL 1160446 (C.A.8 (N.D.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.